**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

**JOHN BROWNELL,**

**Plaintiff,**

**CIVIL ACTION NO. 2:21-CV-01293**

**V.**

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,**

**Defendant.**

# DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Lincoln Life Assurance Company of Boston ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff John Brownell ("Plaintiff") and states as follows:

## PARTIES

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

2. Lincoln admits that it is an Indiana Corporation that it is licensed to engage in the business of insurance in the State of Wisconsin. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that it issued a Group Disability Income Policy (the "Policy") to Nemak USA, Inc. ("Nemak") which Policy, at certain times, insured benefits paid by the Nemak, USA, Inc. Short Term Disability Plan (the "STD Plan") and the Nemak USA, Inc. Long Term Disability Plan (the "LTD Plan"). Lincoln admits the STD Plan and the LTD Plan are employee benefit plans as defined by ERISA and that Plaintiff's claims are governed by Section 502 of

ERISA (29 U.S.C. § 1132(a)(1)(B)). Lincoln admits that it was, at certain times, the claim administrator for Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln specifically denies that it was the Plan Administrator of the STD Plan or the LTD Plan and denies all remaining allegations contained in Paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

4. Lincoln admits Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)). Lincoln admits Plaintiff was, at certain times, employed by Nemak and was, at certain times, a participant in the STD Plan and the LTD Plan. Lincoln admits that it issued the Policy to Nemak, which Policy, at certain times, insured benefits paid by the STD Plan and the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)) under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that venue of this action is proper in this Court. To the extent that Paragraph 6 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the STD Plan and the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during

the administrative review process. Lincoln denies all remaining allegations contains in Paragraph 7 of the Complaint.

**FACTS**

8. Lincoln admits Plaintiff was, at certain times, employed by Nemak as a die caster. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits Plaintiff was, at certain times, employed by Nemak and was, at certain times, a participant in the STD Plan and the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that Plaintiff's last day of work at Nemak was May 25, 2020. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the STD Plan the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that Plaintiff received, at certain times, benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. To the extent Plaintiff attempts to interpret the STD Plan documents, Lincoln refers to the STD Plan documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that Plaintiff received, at certain times, benefits from the STD Plan. Lincoln admits that it sent letters to Plaintiff dated June 5, 2021, and August 10, 2021, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln denies all allegations contained in Paragraph 14 of the Complaint.

15. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that documents containing information regarding Plaintiff's income received from Nemak and benefit amount from the LTD Plan under the Policy are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that documents containing information regarding Plaintiff's income received from Nemak and benefit amount from the LTD Plan under the Policy are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that it sent letters to Plaintiff dated June 26, 2021, and August 10, 2021, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that it was, at certain times, the claim administrator for Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that it issued the Policy to Nemak, which Policy, at certain times, insured benefits paid by the STD Plan and the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that it received a letter of appeal of the denial of Plaintiff's claims for benefits from the STD Plan and the LTD Plan, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that it received a letter of appeal of the denial of Plaintiff's claims for benefits from the STD Plan and the LTD Plan, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the STD Plan the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln denies all allegations contained in Paragraph 23 of the Complaint.

24. Lincoln denies all allegations contained in Paragraph 24 of the Complaint.

25. Lincoln denies all allegations contained in Paragraph 25 of the Complaint.

26. Lincoln denies all allegations contained in Paragraph 26 of the Complaint.

27. Lincoln denies all allegations contained in Paragraph 27 of the Complaint.

28. Lincoln denies all allegations contained in Paragraph 28 of the Complaint.

29. Lincoln denies all allegations contained in Paragraph 29 of the Complaint.

30. Lincoln denies all allegations contained in Paragraph 30 of the Complaint.

31. Lincoln denies all allegations contained in Paragraph 31 of the Complaint.

32. Lincoln denies all allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits Plaintiff was, at certain times, employed by Nemak and was, at certain times, a participant in the STD Plan and the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the STD Plan and the LTD Plan, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

**FIRST CAUSE OF ACTION:**

35. Lincoln incorporates its responses to Paragraphs 1-34 by reference as if fully set forth herein.

36. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the STD Plan and the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. To the extent that Paragraph 37 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln denies all allegations contained in Paragraph 38 of the Complaint.

39. Lincoln denies all allegations contained in Paragraph 39 of the Complaint.

40. Lincoln denies all allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits only that its decisions on Plaintiff's claim for benefits from the STD Plan and the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the STD Plan and the LTD Plan and that such decisions are

governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits that it issued the Policy to Nemak, which Policy, at certain times, insured benefits paid by the STD Plan and the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln denies all allegations contained in Paragraph 43 of the Complaint.

44. Lincoln denies all allegations contained in Paragraph 44 of the Complaint.

45. Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs A-D thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

**PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 7th day of December 2021.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
iwana@rademaekerslaw.com
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456

ATTORNEY FOR DEFENDANT LINCOLN LIFE ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Wisconsin, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

William E. Parsons
Email: wparsons@hq-law.com

| | |
|---|---|
| December 7, 2021 | /s/ Iwana Rademaekers |
| Date | Iwana Rademaekers |